LUALEMANA of Asu, GALOIA of Pavaia'i, TUIAANA MOI of Faleniu, TUILEFANO of Aitulagi, and FI'UFANUA of Faleniu, Plaintiffs

v.

SIANAVA R. S. TAGO of Pago Pago, Defendant

No. 8-1952

High Court of American Samoa

Civil Jurisdiction, Trial Division

[Land: "Tafea-ta" between Mapusaga Fou and Aoloau Fou]

August 20, 1952

43

OPINION AND DECREE

Heard at Fagatogo July 15–24, 1952, before MORROW, *Chief Justice*, MALEPEAI (July 15–22) and TIU-MALU, *Associate Judges.*

Logo for Lualemana;

Aifili for Galoia;

Muasau for Tuiaana Moi;

Save for Tuilefano;

Nikolao for Si'ufanua;

Atufili Meauta for Sianava R. S. Tago.

### OPINION OF THE COURT

MORROW, *Chief Justice.*

Sianava R. S. Tago filed an application with the Registrar of Titles to have the land Tafea-ta, situated between Mapusaga Fou and Aloau Fou, registered as his individually owned property. A survey of the property accompanied the application. Lualemana of Asu filed an objection to the proposed registration claiming that the land was the communal land of the Lualemana family. Tuilefano of Aitulagi likewise filed an objection claiming that the same land was the property of the Aitulagi chiefs. Galoia, Tuiaana and Si'ufanua also filed objections, each claiming that it was the communal land of his family. The Galoia matai

44

title is attached to the village of Pavaia'i while the Tuia-ana and Si'ufanua titles are attached to Faleniu.

█ Tago, who is a member of the Fuimaono family, gave testimony to the effect that according to his family tradition title to Tafea-ta was originally acquired in 1822 by Leatuatele through first occupancy; that Leatuatele gave the land to his son Fuimaono and that the land then passed to succeeding Fuimaonos as communal family land until it came to the present Fuimaono Si'u of Aoloau who gave it to Tago in 1946. Tago took possession that year, built a house on the land and put in plantations. That Fuimaono Si'u did give this communal land to Tago is borne out by statements in a document signed by Fuimaono Si'u and other chiefs of Aoloau and filed in this case. However, Tago testified that the Governor did not approve the transfer in writing. Sec. 1282 of the A. S. Code provides that "Alienation of lands in American Samoa is prohibited except under the following conditions and restrictions. It is prohibited for any matai of a Samoan family who is, as such, in control of the communal family lands or any part thereof, to alienate such family lands to any person without the written approval of the Governor of American Samoa . . ." "Alienation" is defined in Sec. 1280 of the Code to mean "sale, gift, exchange, or any other method of disposal." If Tafea-ta was the communal family land of the Fuimaono title, and proponent Tago claims that it was, it is obvious that the claimed gift of the land by Fuimaono Si'u, the matai of the Fuimaono family, to Tago without the written approval of the Governor did not pass title to Tago and he has no title as a result of such transaction. If the land was not the property of the Fuimaono title, the supposed gift did not pass title to Tago because of want of title in the donor. A man cannot give away property he does not own so as to invest the donee with title and divest the true owner of title. We are satisfied from the

testimony of Tago himself to the effect that the Governor did not approve the transfer, that the land Tafea-ta is not his individually owned property and that it cannot be registered as such. Tago denied that anyone gave him permission to occupy the land, or any part of it, claiming that his right of occupancy was derived through the gift from the Fuimaono to him.

During the course of the hearing the Court, being of the opinion that the land could not be registered as the individually owned property of Tago, and upon motion by counsel for Lualemana joined in by counsel for the other objectors, dismissed Tago as a party to the proceeding. The Court then proceeded to hear evidence in support of the respective claims of ownership made by the five objectors.

Lualemana introduced evidence to the effect that some members of his family had had plantations on Tafea-ta for a number of years. However, it appeared also that these same Lualemana family members live in either Pavaia'i or Faleniu and not in Asu, to which village is attached the Lualemana title; also that they are married to women of Pavaia'i and Faleniu. In Samoa a man always marries outside his clan. Frequently he goes to live in his wife's clan instead of bringing her to live with him in his clan. When he goes to live in his wife's clan, the Samoan custom is for the matai of his wife to assign him a piece of communal family land on which to have his plantation. It is admitted that many people living in Pavaia'i and Faleniu have had plantations in Tafea-ta for years. The circumstance that Lualemana family members living in Pavaia'i and Faleniu, and married to women of those villages, had plantations on Tafea-ta is not, in view of Samoan customs, convincing evidence that Tafea-ta is the communal family land of the Lualemana title of Asu.

46

Tuilefano, objector for the Aitulagi chiefs, testified that, according to the tradition in his family, Tuifeai acquired title to Tafea-ta well over one hundred years ago, and probably over two hundred years ago, through original occupancy; that ownership came down through the generations to the present Aitulagi chiefs, descendants of Tuifeai. Tuitele, a witness for the Aitulagi chiefs, testified that his family tradition was to the effect that in ancient times a village was established on Tafea-ta, and that in the course of time, when it became safe for Samoans to leave high land and move down by the sea, the village was abandoned and that the area again became bush.

Si'ufanua, in support of his claim of ownership of Tafea-ta, testified that the Si'ufanua people from Faleniu had had plantations for many years on parts of the land which they had cleared from the bush. He explained Tago's peaceable possession of those parts for almost six years (1946 to 1952) by saying that he had given permission to Tago to put in taro and bananas on those parts prior to Tago's taking possession; also that he did not permit Tago to plant coconuts on the parts he (Si'ufanua) permitted him to occupy.

Objector Tuiaana testified that the Tuiaana people of Faleniu cleared parts of Tafea-ta years ago and had had plantations on these parts until 1946 when he gave Tago permission to enter and occupy a part of the disputed tract; but before such permission was given he stopped Tago from putting up his house on the land, but a short time later (in December 1946) told Tago that he could finish his house and have plantations (taro and bananas, but not coconuts) on the part formerly occupied and used by the Tuiaana people; that he gave his permission to Tago because of Tago's relationship by marriage to the Tuiaana family.

Galoia testified that the Galoia people as well as the people of other Pavaia'i and Faleniu families began to clear Tafea-ta as early as 1928 and that clearing continued for a number of years; that the Galoia family and other families from Pavaia'i and Faleniu had had plantations on the land for many years. Galoia claimed to own only that part of Tafea-ta lying south of the public highway traversing it. He testified that he made objections to Tago when Tago took possession in 1946, claiming that Tago was occupying and using Galoia land.

It should be stated that at the hearing Tuiaana claimed to own only that part of the tract which he testified was cleared and used by his family before he gave permission to Tago to occupy it; also that Si'ufanua at the hearing likewise claimed to own only that part which he testified was cleared and used by his family prior to his giving permission to Tago in 1946 to occupy and use it.

Section 905 of the A. S. Code prescribes that "no title to land shall be registered unless the Registrar of Titles is satisfied that there is no conflicting claim thereto *and unless the description clearly identifies the boundary of the land by metes and bounds* (emphasis ours)."

Unless we can say from the evidence that the entire surveyed tract is the property of a single one of the objectors, this land cannot be registered in this proceeding as the property of any one because if part of this land be owned by one objector and part by another the boundary of the registered part, or parts, could not be identified by metes and bounds taken from the survey filed with the application to register.

We have reviewed the evidence with care and we cannot say that any one of the objectors has shown by a preponderance of the evidence that he is the owner of the entire surveyed tract.

Consequently it is possible for us to decide one point, and one point only, viz: that the land Tafea-ta as shown on the survey filed by Tago with his application to register the same is not the individually owned property of Tago. Nothing else is decided herein.

### DECREE

Accordingly, it is ORDERED, ADJUDGED and DE-CREED that the application of Sianava R. S. Tago to register the land Tafea-ta as his individually owned property shall be and the same is hereby denied.

The Registrar of Titles will be advised of this decree.

Costs in the sum of $40.00 are hereby assessed against the proponent Sianava R. S. Tago. Costs in the total sum of $140.00 are hereby assessed against Lualemana, Galoia, Tuiaana, Tuilefano and Si'ufanua, each of the five last named to pay one-fifth ($28.00) of such total sum. All costs are to paid within 30 days. [sic]

Associate Judge Malepeai, who became ill during the course of the hearing and was unable to hear all of the testimony and arguments, did not participate in the decision of this case.